UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

**ODEAN WHITE,**

    Plaintiff,

v.

**WALMART STORES EAST, LP,**

    Defendant.

_____/

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, Odean White (hereinafter "Plaintiff" or "White"), files a Complaint against Defendant, WALMART STORES EAST, LP (hereinafter "Defendant" or "Walmart"), and in support he states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages and injunctive relief, pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and the Family and Medical Leave Act of 1996, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), to redress Defendant's unlawful employment practices against Plaintiff including discrimination and retaliation because of his disability, and for exercising, or attempting to exercise, his rights under the FMLA leading to Plaintiff's unlawful termination.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under the FMLA and ADA.

3.  This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA and ADA claims.

4.  This Court has jurisdiction over Defendant because Defendant conducts business in this district and the events which give rise to this suit occurred in this district.

5.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

6.  Plaintiff, at all times material hereto, is a citizen of the United States and a resident of Wellington, Florida.

7.  Defendant is a foreign limited partnership that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

8.  Plaintiff, at all times material hereto, was an employee of Defendant.

9.  Plaintiff, at all times material hereto, was an "employee" as envisioned by 42 U.S.C. § 12111(4) and a "qualified individual" as envisioned by 42 U.S.C. § 12111(8).

10. Defendant is, and was at all times material hereto, an "employer" as envisioned by 760.02(7), Florida Statutes, an "employer" as envisioned by 42 U.S.C. § 12111(5)(a), and a "covered entity" as envisioned by 42 U.S.C. § 12111(2).

11. Plaintiff is a disabled person, and was at all times material hereto, protected under

the ADA and FCRA because: he was a disabled or "perceived as disabled" employee who suffered discrimination, from Defendant, because of his disability or "perceived disability;" and because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability."

12. Plaintiff, at all times material hereto, was an "eligible employee" with respect to FMLA leave as defined in 29 U.S.C. § 2611(2)(A).

13. Plaintiff, at all times material hereto, was protected by 29 U.S.C. § 2615 because he exercised or attempted to exercise his right to take FLMA leave.

14. Plaintiff, at all times material hereto, was eligible for FMLA leave because he had worked for Defendant for at least twelve (12) months before his need for leave arose, and he had worked at least 1,250 hours during that time.

15. Plaintiff, at all times material hereto, was entitled to FMLA leave because he suffered from a "serious health condition" within the meaning of the FMLA.

16. Plaintiff had not exhausted his entitlement to FMLA leave at the time his need for leave arose.

17. Defendant is, and was at all times material hereto, an "employer" as envisioned by 29 U.S.C. § 2611(4) because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

## CONDITIONS PRECEDENT

18. Plaintiff has complied with all statutory prerequisites to filing this action.

19. On January 12, 2022, Plaintiff dual-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"),

against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

20. Plaintiff's charge was filed within three hundred days of the date the alleged unlawful employment practices occurred.

21. On September 21, 2022, the EEOC issued to Plaintiff a Right to Sue letter.

22. Plaintiff's Complaint was filed within ninety days following his receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

23. In or around August 2014, Plaintiff began working for Defendant as a Sales Associate. In 2018, Plaintiff was promoted to an assistant manager.

24. In 2020, Plaintiff was promoted to operations manager and began working at Walmart store number 3011, in Boynton Beach, Florida.

25. Throughout his employment with Defendant, Plaintiff suffered from irritable bowel syndrome and varicocele, which produced severe, and occasionally debilitating, abdominal pain.

26. Plaintiff made his supervisors aware of his disability.

27. In or around January 2021, Defendant hired Walter Irere (hereinafter "Irere") as the new store manager at store number 3011.

28. Following Irere's hire, Plaintiff advised Irere of his disability and that he might occasionally need to take short breaks or temporarily work light duty.

29. From the inception of Irere's employment with Defendant, Irere would routinely deny Plaintiff's requests for breaks or light duty when his abdominal pain would flare, and he would pressure Plaintiff to work through any pain.

30. In June 2021, Plaintiff began experiencing unbearable abdominal pain, more severe

than ever before. This pain was so debilitating that it often left Plaintiff unable to stand, walk, or bend over, and on occasion, it also led to bouts of vomiting.

31. Accordingly, Plaintiff began planning for a medical consultation with a specialist to discuss potential treatment options.

32. In or about late June, Plaintiff requested two weeks of full-time FMLA leave to obtain the necessary medical attention.

33. Defendant improperly denied this request, prompting Plaintiff to utilize two weeks of paid time off ("PTO").

34. During this PTO period, Plaintiff's younger brother passed away, for which Plaintiff also requested FMLA leave in order to handle the funeral arrangements.

35. Defendant again improperly denied his request and forced him to utilize additional PTO.

36. When Plaintiff returned to work from PTO, he continued to experience, and work through, persisting pain.

37. Plaintiff regularly communicated his symptoms to Irere and Defendant's market manager, Ivey Barney (hereinafter "Barney"), and when his abdominal pain would escalate to the point he needed an accommodation, Plaintiff would ask Irere and Barney for brief periods of light duty and temporary breaks.

38. Irere continued to deny Plaintiff's requests because Irere intended to terminate him.

39. Similarly, Barney would ignore Plaintiff's accommodation requests.

40. On or about August 20, 2021, Irere terminated Plaintiff's employment due to his medical condition and his outstanding requests for reasonable accommodations and FMLA leave, under the pretext of performance issues.

41. Walmart's employment policy requires three instances of performance coaching to be eligible for termination. Plaintiff had not reached the performance coaching threshold and therefore was not eligible to be terminated for performance issues.

42. Defendant never issued Plaintiff's final paycheck, and Plaintiff was never compensated for the unused PTO that Plaintiff had accrued.

43. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Disability Discrimination in Violation of the ADA

44. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1–2, 4–8, 9–11, 18–43, above.

45. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

46. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

47. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

48. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

49. Defendant violated the ADA and discriminated against Plaintiff by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, repeatedly refusing and/or ignoring his requests for breaks, light duty, short periods of leave, and unlawfully terminating his employment due to his medical condition.

50. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to discriminate against and terminate Plaintiff.

51. Defendant intentionally discriminated against Plaintiff based on his medical condition.

52. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, front pay (or reinstatement), and any other

damages allowed under the ADA;

    F.    Award Plaintiff reasonable costs and attorney's fees; and

    G.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### Count II: Failure to Accommodate in Violation of the ADA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1–2, 4–8, 9–11, 18–43, above.

55. Plaintiff is a disabled person as defined by the ADA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

56. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

57. At all times material, Plaintiff was qualified to perform the essential functions of his job.

58. Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendant.

59. The accommodations requested by Plaintiff were reasonable.

60. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, failing to engage in the interactive process, and further, failing to accommodate Plaintiff by repeatedly refusing and/or ignoring his requests for breaks, light duty, short periods of leave, and unlawfully terminating his employment due to his medical condition.

61. As a direct and proximate result of Defendant's unlawful and discriminatory

conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

62. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

    A.    Declare that the acts complained of herein are in violation of the ADA;

    B.    Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

    C.    Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    D.    Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    E.    Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

    F.    Award Plaintiff reasonable costs and attorney's fees; and

    G.    Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**Count III: Retaliation in Violation of the ADA**

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1–2, 4–8, 9–11, 18–43, above.

64. Plaintiff is a disabled person as defined by the ADA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

65. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

66. At all times material, Plaintiff was qualified to perform the essential functions of his job.

67. Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendant.

68. The accommodations requested by Plaintiff were reasonable.

69. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by terminating Plaintiff because he continuously requested reasonable accommodations from Defendant.

70. Plaintiff's disability or perceived disability, and his corresponding requests for reasonable accommodations, was a motivating factor that caused Defendant to terminate Plaintiff.

71. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

72. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

 A. Declare that the acts complained of herein are in violation of the ADA;

 B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

 C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

 D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

 E. Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

 F. Award Plaintiff reasonable costs and attorney's fees; and

 G. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### Count IV: Disability Discrimination in Violation of the FCRA

73. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1, 3–8, 10–11, 18–43 above.

74. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA.

75. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived

as being disabled by Defendant.

76. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

77. Defendant violated the FCRA and discriminated against Plaintiff by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, repeatedly refusing and/or ignoring his requests for breaks, light duty, short periods of leave, and unlawfully terminating his employment due to his medical condition.

78. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to discriminate against and terminate Plaintiff.

79. Defendant intentionally discriminated against Plaintiff based on his medical condition.

80. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

81. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations

of the FCRA;

  B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

  C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

  D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

  E. Award Plaintiff reasonable costs and attorney's fees; and

  F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## Count V: Failure to Accommodate in Violation of the FCRA

82. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1, 3–8, 10–11, 18–43 above.

83. Plaintiff is a disabled person as defined by the FCRA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

84. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

85. At all times material, Plaintiff was qualified to perform the essential functions of his job.

86. Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendant.

87. The accommodations requested by Plaintiff were reasonable.

88. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, failing to engage in the interactive process, and further, failing to accommodate Plaintiff by repeatedly refusing and/or ignoring his requests for breaks, light duty, short periods of leave, and unlawfully terminating his employment due to his medical condition.

89. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to discriminate against and terminate Plaintiff.

90. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

91. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other

damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### Count VI: Retaliation in Violation of the FCRA

92. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1, 3–8, 10–11, 18–43 above.

93. Plaintiff is a disabled person as defined by the FCRA in that he has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

94. At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

95. At all times material, Plaintiff was qualified to perform the essential functions of his job.

96. Plaintiff engaged in a protected activity when he requested reasonable accommodations from Defendant.

97. The accommodations requested by Plaintiff were reasonable.

98. Defendant intentionally engaged in unlawful employment practices and retaliation

in violation of the FCRA by terminating Plaintiff because he continuously requested reasonable accommodations from Defendant.

99. Plaintiff's disability or perceived disability, and his corresponding requests for reasonable accommodations, was a motivating factor that caused Defendant to terminate Plaintiff.

100. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

101. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in

concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

  E. Award Plaintiff reasonable costs and attorney's fees; and

  F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## Count VII: FMLA Retaliation

102. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1–2, 4–8, 12–17, 23–43 above.

103. Plaintiff was an employee eligible for protected leave under the FMLA.

104. Defendant is and was an employer as defined by the FMLA.

105. Plaintiff provided adequate notice of his serious health condition to Defendant.

106. Defendant was aware of Plaintiff's serious health condition and his need for FMLA-protected leave.

107. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

108. Defendant retaliated against Plaintiff by terminating his employment because he exercised, or attempted to exercise, his rights under the FMLA.

109. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

110. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

111. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to

liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court grant Plaintiff:

A. judgment in Plaintiff's favor and against Defendant for its retaliation against him for his attempted use of his rights under the FMLA;

B. judgment in Plaintiff's favor and against Defendant for damages, including lost earnings and benefits, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

C. judgment in Plaintiff's favor and against Defendant for Plaintiff's reasonable attorneys' fees and litigation expenses;

D. judgment in Plaintiff's favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

F. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## Count VIII: FMLA Interference

112. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1–2, 4–8, 12–17, 23–43 above.

113. Plaintiff was an employee eligible for protected leave under the FMLA.

114. Defendant is and was an employer as defined by the FMLA.

115. Plaintiff provided adequate notice of his serious health condition to Defendant.

116. Defendant was aware of Plaintiff's serious health condition and his need for

FMLA-protected leave.

117. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

118. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights by, *inter alia,* unlawfully denying him the protected leave to which he was entitled, failing to assist Plaintiff with obtaining FMLA leave, despite knowing that the severity of his medical condition necessitated FMLA leave, and by terminating his employment with knowledge that Plaintiff was eligible for, entitled to, and actively needed FMLA leave.

119. Defendant's interference with Plaintiff's FMLA rights was done with malice or with reckless indifference to Plaintiff's federally protected rights.

120. Plaintiff's termination was the direct and proximate result of Defendant's intentional interference with Plaintiff's FMLA rights.

121. Plaintiff has been damaged by Defendant's illegal conduct.

122. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

123. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court grant Plaintiff:

A. judgment in Plaintiff's favor and against Defendant for its interference with his rights under the FMLA;

B. judgment in Plaintiff's favor and against Defendant for damages, including lost earnings and benefits, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

C. judgment in Plaintiff's favor and against Defendant for Plaintiff's reasonable attorneys' fees and litigation expenses;

D. judgment in Plaintiff's favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

F. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Dated this 16th day of December, 2022.

Respectfully submitted,

**Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644

By: */s/ Travis Beal*
    Travis Beal
    Florida Bar No.: 104890
    tjb@brentonlegal.com
    Christopher A Fennell
    Florida Bar No. 113546
    caf@brentonlegal.com